UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Team 125, Inc., <br><br> Plaintiff, <br><br> v. <br><br> United States Aviation Underwriters, Inc. and Eastern Airlines, LLC, <br><br> Defendants. | Civil Action No. 20-cv-11025 <br><br> **COMPLAINT** <br><br> **[DEMAND FOR JURY TRIAL]** |

Plaintiff, Team 125, Inc. ("Team 125"), by and through its undersigned counsel, for and by its Complaint against defendants United States Aviation Underwriters, Inc. ("USAUI") and Eastern Airlines, LLC ("Eastern Airlines," and together with USAUI, "Defendants"), alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Team 125 is a Delaware corporation with its principal place of business located outside of New York State.

2. Upon information and belief, Defendant Eastern Airlines is a Nevada limited liability company with its corporate offices in Pennsylvania. Eastern Airlines also does a substantial amount of business in New York State under the fictitious name Eastern Airlines NY, LLC. Upon information and belief, Eastern Airlines' main flight operations are managed out John F. Kennedy International Airport in Queens, New York. Upon information and belief, none of Eastern Airlines' members are residents of New York.

3. Upon information and belief, Defendant USAUI is a New York Corporation with its principal place of business in New York, New York.

4. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) (diversity) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

5. Venue is proper in this judicial district because it is where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. *See* 28 U.S.C. § 1391(b).

6. This Court may exercise personal jurisdiction over the Defendants because they both transacted business within the State and are registered to do business with the State—and this action arises out of that business.

## GENERAL ALLEGATIONS

7. Team 125 has had a relationship with several Kraft Entities[1] dating back to 2016. Team 125 was responsible for refurbishing the two Boeing 767 aircraft ("Aircraft") that take the New England Patriots to and from their away games. The parties entered into an Aircraft Consulting and Management Agreement (the "Consulting Agreement") and several ancillary agreements to govern this relationship.

8. Team 125 and the Kraft Entities also agreed to enter into an oral joint venture to provide air charter services using the Aircraft and a third in-process aircraft (the "Joint Venture Agreement," and together with the Consulting Agreements, the "Agreements").

9. Team 125 has initiated a private arbitration against the Kraft Entities for their wrongful conduct related to the Agreements.

10. Upon information and belief, within the past year, Eastern Airlines has tortuously interfered with Team 125's Agreements with the Kraft Entities, which has led directly to Kraft

---

[1] As used herein, the "Kraft Entities" are defined as those certain entities that are owned and/or controlled by Robert Kraft ("Kraft") that are relevant to this dispute and consist of Kraft Group LLC ("Kraft Group"), Kraft Enterprises LLC ("Kraft Enterprises"), Kraft Family Inc. ("Kraft Family), New England Patriots LLC (the "Patriots"), and 2/25/94 LLC ("94 Group").

breaching the Agreements and the resulting damage to Team 125.

11. Eastern Airlines' actions were the proximate cause of the Kraft Entities breaching their Agreements. Eastern Airlines has also attempted to poach employees and senior management of Team 125 as part of its scheme to raid Team 125 of its employees and institutional knowledge. In addition, Eastern Airlines has used its new relationship with Kraft (now that Kraft has improperly breached the Agreements) to pursue business opportunities that Team 125 had previously developed.

12. Upon information and belief, USAUI acted in bad faith when it failed to renew its insurance policy (the "Insurance Policy") with Team 125 in September of 2020. Upon information and belief, USAUI's senior management put its own business interests above Team 125's when Kraft threatened to cease doing business with USAIU in all respects. Rather than fulfill its contractual obligations with Team 125, USAUI pulled the plug on the renewal to avoid upsetting the Kraft Entities' principal—which could have jeopardized USAU's own bottom line.

13. In addition to depriving Team 125 of its much-needed renewed Insurance Policy so that it could operate the Aircraft, it also deprived Team 125 of its broker commission that would result from the renewal.

## COUNT I – TORTIOUS INTERFERENCE WITH CONTRACT

**(Against Eastern Airlines)**

14. Team 125 hereby incorporates by reference allegations in paragraphs 1 through 13, as if fully set forth herein.

15. Team 125 and non-party Kraft entered into the Consulting Agreement, which at all times relevant to these proceedings was a valid and binding contract.

16. Upon information and belief, Eastern Airlines knew that the Agreements existed

between the Kraft Entities and Team 125.

17. Upon information and belief, Eastern Airlines intentionally and improperly interfered with the Agreements and procured the Kraft Entities' breach of those agreements without justification.

18. The Kraft Entities did actually breach the Agreements, which is the subject of a separate pending arbitration.

19. As a direct result of Eastern Airlines' interference with these Agreements, Team 125 was damaged in an amount to be proven at trial. Currently, Team 125 has a good faith estimate that the damages incurred as a direct result of Eastern Airlines' tortious interference with the Agreements exceeds $1 million.

## COUNT II – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against USAIU)

20. Team 125 hereby incorporates by reference allegations in paragraphs 1 through 19, as if fully set forth herein.

21. USAIU had an active Insurance Policy, which is a valid and binding contract.

22. Upon information and belief, USAIU engaged in bad faith as a result of its deliberate and/or reckless failure to place on equal footing the interests of Team 125 with its own interests.

23. Upon information and belief, USAIU refused to renew Team 125's Insurance Policy as a direct result of threats made by the non-party Kraft Entities to cease doing business with USAIU in the future.

24. Team 125 was directly and proximately harmed as a direct result of USAIU putting its business interests ahead of Team 125 and capitulating to the Kraft Entities' demands.

Team 125's damages included the inability to obtain the required insurance coverage pursuant to the requirements of the Consulting Agreement as a result.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Team 125 hereby demands judgment in its favor and against USAUI and Eastern Airlines as follows:

    A.    For compensatory damages against Eastern Airlines in an amount to be proven at trial for its Tortious Interference with Contract;

    B.    For compensatory damages against USAUI in an amount to be proven at trial for its Breach of the Covenant of Good Faith and Fair Dealing as the insurer of Team 125;

    C.    For an award of Plaintiff's costs and reasonable attorneys' fees; and

    D.    For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Team 125 hereby demands a trial by jury on all issues so triable as a matter of right.

Dated: December 29, 2020        Respectfully submitted,

                                    GREENSPOON MARDER LLP

                                    */s/ Michael J. Dailey*
                                    Michael J. Dailey, Esq.
                                    michael.dailey@gmlaw.com
                                    Germain D. Labat, Esq. (*pro hac vice app. forthcoming*)
                                    germain.labat@gmlaw.com
                                    1875 Century Park East, Suite 1900
                                    Los Angeles, CA 90067

                                    *Counsel for Plaintiff Team 125, Inc.*